OPINION
Defendant-appellant, Matthew McCullough, appeals a determination that he is a sexual predator. For the reasons that follow, we affirm the trial court's decision.
McCullough pleaded guilty to one count of corruption of a minor. McCullough, who was nineteen at the time of the offense, provided alcohol and marijuana to a fourteen-year-old girl and later engaged in sexual conduct with the child. During a hearing conducted pursuant to R.C.2950.09(B), the trial court heard testimony from the investigating officer, received a statement from the victim, and considered a presentence investigative report. The trial court classified McCullough as a sexual predator and imposed a one-year prison sentence.
On appeal, McCullough claims the trial court erred by classifying him as a sexual predator. The specific issue to be decided herein is whether the trial court erred in concluding that McCullough was likely to commit one or more sexually-oriented offenses in the future.
In determining whether an offender is a sexual predator, the trial court must find, by clear and convincing evidence, that an individual has been convicted of or pleaded guilty to committing a sexually-oriented offense and is likely to engage in the future in one or more sexually-oriented offenses. State v. Lamberson (Mar. 19, 2001), Madison App. No. CA2000-09-012, unreported, at 28; R.C. 2950.01(E). A determination that an offender is a sexual predator must be supported by clear and convincing evidence. Lamberson.
McCullough does not dispute that he committed a sexually-oriented offense. Rather, he argues there is no clear and convincing evidence that he is likely to engage in one or more sexually-oriented offenses in the future.
In making its determination, the trial court examines the factors enumerated in R.C. 2950.09(B)(2). Lamberson at 29. However, its analysis is not limited to those statutory considerations, but shall include all relevant factors. Id.
Accordingly, the trial court may examine the subject's past behavior, is not required to find that the evidence presented supports a majority of the factors listed in R.C. 2950.09(B)(2), and may rely upon one factor more than another depending upon the circumstances of the case. Id. at 29, 30. Finally, a single conviction for a sexually-oriented offense may support a finding that a defendant is a sexual predator. Id. See, also, State v. Smith (Jan. 8, 2001), Butler App. No. CA2000-04-066, unreported, at 5.
In making its determination, the trial court considered the following factors: McCullough's age (R.C. 2950.09[B][2][a]); the victim's age (R.C. 2950.09[B][2][c]); McCullough's extensive prior criminal record (R.C. 2950.09[B][2][b]); the fact that McCullough willingly supplied alcohol and drugs to an underage victim, even though the victim had requested and paid for the alcohol and drugs (R.C. 2950.09[B][2][e]). The court further noted that because of the use of alcohol, McCullough had "taken advantage" of the situation.
The trial court concluded that these combined factors establish the likelihood that McCullough will commit one or more sexually-oriented offenses in the future. Having reviewed the record, we conclude that the trial court's classification of McCullough as a sexual predator is supported by clear and convincing evidence. See Smith.
For these reasons, McCullough's sole assignment of error is overruled and the judgment of the trial court is hereby affirmed.
YOUNG, P.J., and VALEN, J., concur.